[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13720
Non-Argument Calendar

_____

D.C. Docket No. 04-80035-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARLON JASON HORATIO PHILLIPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 22, 2005)**

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Marlon Jason Phillips appeals his seventy-month sentence, imposed

following his guilty plea for illegal re-entry after deportation, in violation of 8

U.S.C. § 1326. He raises three issues: (1) whether a prior conviction for the

attempted sale of a controlled substance qualifies as a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A); (2) whether his term of parole terminated prematurely in light of his deportation; and (3) whether his sentence violates United States v. Booker, 543 U.S. –, 125 S.Ct. 2531, 160 L.Ed.2d 621 (2005). Issues (1) and (2) involve matters of first impression in this Circuit.

## I. Background

### A. Facts

Phillips, a citizen of Jamaica, was initially admitted to the United States as a legal permanent resident. In March 1999, he was convicted on state charges of attempted criminal sale of a controlled substance[1], and in August 2000, he was convicted on state charges of criminal possession of a weapon. Phillips was released on parole in October 2002 for the weapon offense and was deported in December 2002. His discharge date from parole was not until February 2004.

In January, 2004, without permission from authorities, Phillips re-entered the United States. Law enforcement officers apprehended him and confirmed his previous deportation. Thereafter, Phillips was indicted for unlawful re-entry into

---

[1] He was sentenced to one to three years imprisonment for this offense.

the United States, in violation of 8 U.S.C. § 1326. He subsequently entered an unconditional plea.[2]

## B. Sentencing

At sentencing, the district court adopted the probation officer's recommendations in the presentence investigation report ("PSI"), which included a base offense level of eight under U.S.S.G. § 2L1.2, with a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) because Phillips had a prior conviction for attempted sale of a controlled substance. The court further added two points under U.S.S.G. § 4A1.1(d), concluding that Phillips committed the instant offense while serving a term on parole, and added one point under U.S.S.G. § 4A1.1(e) because Phillips committed the instant offense less than two years from his release from custody. Finally, the court issued a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. After all of the calculations, the guidelines range was seventy to eighty-seven months' imprisonment.

Phillips raised timely objections to his sentence, arguing that: (1) the sixteen-level enhancement was improper because a prior conviction for an attempted sale is not a drug trafficking offense within the meaning of U.S.S.G.

---

[2] In his plea, he did not waive the right to appeal his sentence.

3

§ 2L1.2(b)(1)(A)(i); (2) the two-point enhancement under U.S.S.G. § 4A1.1(d) was improper because he did not commit the instant offense while on parole; and (3) his sentence was unconstitutional in light of Blakely v. Washington, 542 U.S. –, 124 S. Ct. 2531 (2004) (now Booker). The court overruled the objections and sentenced Phillips to seventy months' imprisonment. The court also gave an alternate sentence of the identical term, should the Supreme Court hold the guidelines unconstitutional as it later did in Booker. Phillips now appeals.

## II. Discussion

### A. Enhancement under U.S.S.G. § 2L1.2(b)(1)(A)

Phillips argues that a prior conviction for *attempted* sale of a controlled substance does not qualify as a drug trafficking offense within the meaning of U.S.S.G. § 2L1.2(b)(1)(A), and thus, the sixteen-level enhancement was in error. The determination of whether Phillips's prior conviction was a drug trafficking offense is a question of law to be decided by the court. See United States v. Gallegos-Aguero, –, F.3d –, 2005 WL 11600635, at *1 (11th Cir. May 18, 2005); United States v. Shelton, 400 F.3d 1325, 1329 & n.4 (11th Cir. 2005); see also United States v. Ayala-Gomez, 255 F.3d 1314, 1316 (11th Cir. 2001).

The guidelines provide that, "[i]f the defendant was previously deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is

4

(i) a drug trafficking offense for which the sentence imposed exceeded 13 months . . . increase by 16 levels." U.S.S.G. § 2L1.2(b)(1)(A). The guidelines commentary defines a drug trafficking offense as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance, or the possession of a controlled substance with the intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2, comment. (n.1(B)(iv)). It further explains that "prior convictions of offenses counted under subsection (b)(1) include the offenses of . . . _attempting_, to commit such offenses." U.S.S.G. § 2L1.2, comment. (n.5) (emphasis added).

We are not persuaded by Phillips's argument. As detailed above, the commentary to U.S.S.G. § 2L1.2(b)(1)(A) explicitly provides that an "attempt offense" can qualify as a prior drug trafficking offense. The Ninth Circuit in United States v. Hernandez-Valdovinos, 352 F.3d 1243, 1247, 1249 (9th Cir. 2003), concluded that a defendant's prior felony conviction for the attempted sale of narcotics qualified as a drug trafficking offense for the purposes of this guideline enhancement. We agree and hold that Phillips's prior conviction for attempted sale of a controlled substance qualifies as a drug trafficking offense under § 2L1.2(b)(1)(A). See U.S.S.G. § 2L1.2, comment. (n.5). Thus, there was no error in the district court's imposition of the enhancement under this guideline.

**B. Enhancement under U.S.S.G. § 4A1.1(d)**

Next, Phillips argues that the district court erred in adding two points to his criminal history based on a determination that Phillips was on parole when he committed the instant offense of unlawful re-entry. We review a district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts de novo.[3] United States v. Davis, 313 F.3d 1300, 1305 (11th Cir. 2002).

Under U.S.S.G. § 4A1.1(d), two points are added to the criminal history if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, [or] supervised release . . . ." U.S.S.G. § 4A1.1(d). The commentary explains that "a 'criminal justice sentence' means a sentence countable under § 4A1.2 having a custodial or supervisory component, although active supervision is not required." U.S.S.G. § 4A1.1, comment. (n.4). Under § 4A1.2, Phillips's prior felony conviction for criminal possession of a weapon was a criminal justice sentence. See U.S.S.G. § 4A1.2(c).

Phillips commenced parole in October 2002 and it expired in February 2004. Although Phillips illegally re-entered the United States before his parole

---

[3] Booker did not alter our review of the application of the guidelines or the standards of review. United States v. Crawford, No. 03-15136 slip op. at 2075 (11th Cir. May 2, 2005).

term expired, he argues that his deportation had the effect of cutting short his parole period as of his deportation date. As the guidelines commentary clarifies, however, active supervision is not required for the sentence to be considered a criminal justice sentence for the purposes of criminal history calculations. U.S.S.G. § 4A1.1, comment. (n.4).[4] Other than his own subjective belief that his parole term terminated upon deportation, Phillips offers scant support for his theory. The First Circuit's decision in United States v. McCann, 366 F.3d 46, 58 (1st Cir. 2004), judgment vacated and remanded on other grounds, 125 S.Ct. 986 (2005), is instructive. There, the First Circuit rejected the appellant's claim that his subjective belief that his parole had ended limited the use of two additional criminal history points under § 4A1.1(d). In determining that a subjective belief was not relevant, the court looked to the unambiguous statutory language in § 4A1.1(d), and concluded that there was nothing in the text to support that argument. Here, § 4A1.1(d) confirms that the term of parole need not actually be supervised to apply the guideline and nothing in the text indicates that a defendant's subjective understanding of the parole term is relevant. For all of

---

[4] See also United States v. Martinez, 931 F.2d 851, 852-53 (11th Cir. 1991) (holding that § 4A1.1(d) authorized additional criminal history points when the defendant committed the offense after sentencing but before he had reported for service because the defendant was under a criminal justice sentence).

these reasons, there was no error in the district court's imposition of this enhancement.

## C. <u>Blakely/Booker</u> Issue

Finally, we address whether Phillips's sentence violated <u>Booker</u>. After the parties submitted their briefs, the Supreme Court rendered its decision in <u>United States v. Booker</u>, 543 U.S. --, 125 S. Ct. 738, 749-56 (2005), in which the Court held "that the Sixth Amendment right to trial by jury is violated where *under a mandatory guidelines system* a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." <u>Booker</u>, 125 S. Ct. at 749-56. Since <u>Booker</u>, we have explained that district courts in some cases could have made both a constitutional and statutory error in sentencing defendants pre-<u>Booker</u>. <u>See</u> <u>United States v. Mathenia</u>, – F.3d –, 2005 WL 1201455, at *2 (11th Cir. May 23, 2005); <u>see also</u> <u>United States. v. Shelton</u>, 400 F.3d 1325, 1331 (11th Cir. 2005) (articulating the differences between constitutional and statutory error).

Because Phillips properly preserved his <u>Booker</u> error claim, we review his claim de novo, but "will reverse only for harmful error." <u>See</u> <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005). There are two harmless error standards, one for <u>Booker</u> constitutional errors, and the other for <u>Booker</u> statutory errors.

8

_Mathenia_, 2005 WL 1201455, at *2. "[C]onstitutional errors are harmless where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." _Mathenia_, 2005 WL 1201455, at *2. "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." _Id._

Phillips argues that his Sixth Amendment right was violated when the district court imposed a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) based on his prior conviction for attempted sale of a controlled substance. This argument has no merit. "Post-_Booker_, this Court has reaffirmed that there is no Sixth Amendment violation when a district court enhances a sentence based on prior convictions, including those specified in § 2L1.2(b)(1)(A)." _Gallegos-Aguero_, 2005 WL 11600635, at *1; _United States v. Orduno-Mireles_, 405 F.3d 960, 962-63 (11th Cir. 2005). Accordingly, insofar as the district court's enhancement of Phillips's sentence under § 2L1.2(b)(1)(A) merely involved a determination that Phillips had prior convictions, the enhancement did not implicate _Booker_.

9

In addition, any statutory error in this case was harmless. In imposing the sentence, the district court articulated an alternate sentence using the factors set forth in 18 U.S.C. § 3553(a). This alternate sentence was the same as the sentence it imposed when treating the guidelines as mandatory. This case fits squarely within the reasoning of several recent decisions in which we have found harmless error because the district court gave an alternate sentence that was the same as the sentence imposed. See Mathenia, 2005 WL 1201445, at *3; United States. v. Petho, –, F.3d –, 2005 WL 1160640, at *1 (11th Cir. May 18, 2005); United States v. Robles, – F.3d –, 2005 WL 1083487, *3 (11th Cir. May 10, 2005).

For the foregoing reasons, we AFFIRM.

**AFFIRMED.**