[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16487
Non-Argument Calendar

_____

D. C. Docket No. 06-00042-CR-5-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALVIN LEE JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 3, 2007)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Calvin Lee Johnson appeals his sentence for distribution of more than 50 grams of cocaine base, 21 U.S.C. § 841(b)(1)(A)(iii). Johnson generally contends the district court erred by adding two points to his criminal history score, pursuant to U.S.S.G. § 4A1.1(d), rendering him ineligible for safety-valve relief. We address his specific arguments in turn, and affirm his sentence.

When calculating the defendant's criminal history score, the sentencing court must add two criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d). The commentary to this guideline further explains that

> [a] defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (*e.g.*, a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant.

U.S.S.G. § 4A1.1, comment. (n.4). A defendant who commits the instant offense while a probation-violation warrant from a prior sentence is outstanding shall be deemed to be under a criminal justice sentence for purposes of § 4A1.1(d) if that sentence is otherwise countable, even if that sentence would have expired absent such warrant. U.S.S.G. § 4A1.2(m).

2

Johnson first contends, without legal support, that his 1998 probation-violation warrant was too remote in time to be considered active. "'The plain language of the Guidelines indicates that two points are to be added whenever an outstanding warrant is in existence, regardless of whether the warrant is stale pursuant to state law at the time of sentencing, and irrespective of whether state authorities may have been lax in attempting to execute the warrant.'" *Davis*, 313 F.3d 1300, 1305 (11th Cir. 2002) (quoting *United States v. Elmore*, 108 F.3d 23, 27 (3d Cir. 1997)). "[R]egardless of how long a warrant has been outstanding, as long as a violation warrant exists, it is a criminal justice sentence for purposes of the criminal history calculation." *Id.* at 1306.

Johnson conceded there was an outstanding warrant against him at the time he committed the instant offenses. Further, Johnson did not dispute that the sentence for which the probation-violation warrant was issued, namely, his first-degree forgery conviction, was otherwise countable. *See* U.S.S.G. § 4A1.2(m). It was irrelevant whether the warrant became invalid due to the lack of diligence by state authorities in failing to execute it, or that it was too remote in time to be considered. *See Davis*, 313 F.3d at 1305-06. Moreover, the Government was not required to prove that the warrant was not stale. *See id.* Thus, the argument the warrant was too remote is without merit.

Johnson also maintains, again without legal support, that the assessment of two additional criminal history points was improper because no evidence showed that Johnson had notice that a violation of probation warrant was pending. A defendant is not required to know that a probation-violation warrant is outstanding. *See* U.S.S.G. § 4A1.1(d). Further, Johnson admitted that he violated the terms of his probation by failing to report to probation authorities in Florida. Moreover, our decision in *United States v. Phillips*, 413 F.3d 1288 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1594 (2006), is instructive with respect to this argument. In *Phillips*, we held a defendant's subjective belief regarding whether or not his parole term had expired was irrelevant. *Id.* at 1292. Similarly, in the instant case, Johnson's subjective belief regarding whether or not a probation-violation warrant had been issued against him was irrelevant.

Finally, Johnson argues, citing a case from another circuit, that it would be unfair to assess criminal history points if his inability to pay restitution was the basis for the probation-violation warrant. This argument is without merit because we have held the district need not inquire into the warrant's validity or the reason the warrant was issued before applying the two-point enhancement under § 4A1.l(d). *See Davis*, 313 F.3d at 1305.

Accordingly, we conclude that the district court did not err in adding two points to Johnson's criminal history score, pursuant to U.S.S.G. § 4A1.1(d). *See id.*, 313 F.3d at 1305 (reviewing "a district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts *de novo*").

**AFFIRMED.**