[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 3, 2007
THOMAS K. KAHN
CLERK

No. 07-11952
Non-Argument Calendar

_____

D. C. Docket No. 07-00036-CR-BAE-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN KEITH DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(December 3, 2007)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Bryan Keith Davis appeals his sentence of ten months' imprisonment and

the court order to pay $1,000 in restitution, which were imposed following his decision to plead guilty to misprision of the underlying felonies of bank fraud and money laundering, in violation of 18 U.S.C. § 4.

## I. BACKGROUND

Davis was involved in a scheme whereby fraudulent claims for payroll checks were submitted to temporary employment agencies. The agencies paid the checks, but were not reimbursed. Davis allowed others to list him as an employee to obtain more funds from the staffing companies.

The Presentence Investigative Report ("PSI") recommended that the amount of restitution due was $102,607.04, which represented the amount that the co-conspirators actually received less the amount of payroll taxes recovered by the agencies. The government argued that Davis' failure to report the underlying fraud led to the loss of the total amount. The PSI also assigned Davis six criminal history points, two of which were attributable to the instant offense being committed while Davis was on probation.

Davis objected to the recommended restitution amount, arguing that he should be held to a pro rata share of the total amount of loss, rather than be held jointly liable with his codefendants. Davis further contended that he should only be assigned four criminal history points because he was not on probation at the

time of the offense.

The district court ordered that Davis contribute $1,000 of restitution, explaining: "I've given you the best break of the day on that, because I agree with what counsel said. I don't think you received a great deal of money and I don't think you have much ability to pay. [One thousand dollars] is very minimum." The court found that Davis was entitled to a 2-level acceptance of responsibility reduction and also concluded that Davis was on probation at the time of the instant offense. The court accordingly sentenced Davis to ten months of imprisonment, which was within the 6-12 months guideline range.

## II. DISCUSSION

On appeal, Davis argues that: (1) he should not have been assigned two additional criminal history points for committing the instant offense while on probation; (2) he should have been granted a three-level reduction for acceptance of responsibility; and (3) the district court miscalculated the amount of restitution it ordered him to pay.

When the defendant objects to an aspect of his sentence in the district court, we review the court's factual findings for clear error and its application of the Sentencing Guidelines to those facts *de novo*. *United States v. Phillips*, 413 F.3d 1288, 1292 (11th Cir. 2005) (per curiam).

*A. Two Criminal History Points for Committing Offense While on Probation*

On appeal, Davis argues that "it [wa]s not conclusive whether or not [he] was on probation" when he committed the instant offense. In November 2002, a state court sentenced Davis to consecutive terms of probation totaling twenty-two months. In December 2003, the state court issued a warrant for him, charging him with a violation of probation. That warrant remained outstanding until Davis was arrested in August 2005. Davis pled guilty to conduct in the instant offense, which ended on September 27, 2004.

The Sentencing Guidelines instruct a court to add two points to the defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation." U.S.S.G. § 4A1.1(d). A defendant is considered to be under a term of probation "while a violation warrant from a prior sentence is outstanding . . . even if that sentence would have expired absent such warrant." U.S.S.G. § 4A1.2(m). We have held that "as long as a violation warrant exists, it is a criminal justice sentence for purposes of the criminal history calculation." *United States v. Davis*, 313 F.3d 1300, 1306 (11th Cir. 2002) (per curiam). As such, the district court's finding that Davis was on probation during the instant offense was not erroneous, and the court correctly added two points to his criminal offense score.

*B. Acceptance of Responsibility Reduction*

For the first time on appeal, Davis objects to the district court's calculation of his total offense level. Davis argues that because he gave sufficiently timely notice of his intention to plead guilty, he should have been granted a three-level downward adjustment for acceptance of responsibility, rather than the two-level reduction. An argument regarding the amount of restitution owed, not raised in the district court, is reviewed for plain error. *United States v. Hasson*, 333 F.3d 1264, 1276 (11th Cir. 2003). "Plain error exists only where (1) there is an error; (2) the error is plain; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity or public reputation of a judicial proceeding." *United States v. Vance*, 494 F.3d 985, 993 (11th Cir. 2007) (quotation omitted). The burden of establishing plain error is upon the defendant. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003).

Any defendant who clearly demonstrates acceptance of responsibility for his offense may have his offense level decreased by two levels. U.S.S.G. § 3E1.1(a). A defendant whose offense level is sixteen or greater, as determined prior to any initial credit for acceptance of responsibility, may receive a reduction of an additional level if he timely notifies the government that he intends to enter a plea

of guilty so that the government may avoid preparing for trial. U.S.S.G. § 3E1.1(b).

The district court determined that the base offense level was ten, then granted Davis a two-level reduction for accepting responsibility, resulting in a total offense level of eight. Because Davis' base offense level was only ten, he was not eligible for a three-level reduction, despite his timely acceptance of responsibility. Accordingly, the district court did not err, much less plainly err, by decreasing Davis's offense level by only two levels for acceptance of responsibility.

## C. Restitution

Lastly, Davis challenges the district court's restitution order. During sentencing, Davis argued that the court should only assign him a pro rata share, rather than holding him jointly responsible with his codefendants for the entire amount of loss. Now, Davis argues for the first time that the district court erred by calculating his restitution based on the total amount of loss, $102,607.04, rather than $14,505.79, the amount attributable to checks he cashed. Davis does not argue that the court erred in deciding whether to order restitution, he only argues that the court used the wrong basis in its calculation. Davis again bears the burden of establishing plain error. *Hasson*, 333 F.3d at 1276 (holding that argument

6

regarding amount of restitution owed, not raised in district court, is reviewed for plain error).

The district court plainly set forth its reasons in its decision to impose $1,000 of restitution. The court stated that it gave Davis "the best break of the day" by ruling that he only had to contribute $1,000. The court did this, it explained, due to Davis' lesser involvement in the scheme and his inability to pay. While the court adopted the PSI, and thus considered both the $102,607.04 and $14,505.79 amounts, there is nothing to indicate the former amount had anything to do with the court's $1,000 restitution determination. Davis' four-sentence argument on this issue fails address why he thinks the $102,607.04 amount was determinative and fails altogether to address the plain error analysis, for which he bears the burden of establishing. On this record, Davis fails to show plain error.[1]

Accordingly, we affirm.

---

[1]Importantly, the government does not appeal the district court's restitution order. We therefore do not address whether the court was required to impose restitution under 18 U.S.C. § 3663A(a)(1), (c)(1), whether the court was incorrect to consider the economic circumstances of the defendant under 18 U.S.C. § 3664(f)(1)(A), or whether the amount of restitution should have been in the full amount of the victim's losses under 18 U.S.C. § 3664(f)(1)(A). *See United States v. Jones*, 289 F.3d 1260, 1265 (11th Cir. 2002) (per curiam) (holding that Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A-3664, "mandates that a sentencing court order restitution in the full amount, denying the court any discretion to contemplate the defendant's financial situation in making such order"); *see also United States v. Sosebee*, 419 F.3d 451, 459-60 (6th Cir. 2005) (holding that misprision of a felony was a direct and proximate cause of all of the victim's losses and restitution was required in the full amount of the victim's losses under 18 U.S.C. § 3664(f)(1)(A)).

**AFFIRMED.**