[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 7, 2008
THOMAS K. KAHN
CLERK

No. 07-15022
Non-Argument Calendar

_____

D. C. Docket No. 07-00057-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ISAIAH ROGERS,
a.k.a. Rain,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 7, 2008)**

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

David Isaiah Rogers appeals his 236-month sentence for conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii) and 846. Rogers makes several arguments on appeal. First, Rogers contests the amount of drugs to which the district court held him accountable, and he also asserts that the court should have "totally excluded" the amount of cocaine from his offense level calculation, imposed as relevant conduct, because Rogers provided the information about the conspiracy's cocaine involvement to law enforcement agents. Second, Rogers argues that the court clearly erred by finding that he committed the instant offense while on probation. Third, Rogers contests the court's application of an obstruction of justice enhancement and its denial of reductions for acceptance of responsibility and safety-valve relief. Fourth, Rogers argues that his sentence is unreasonable. For the reasons set forth more fully below, we affirm.

I.

We review for clear error the district court's factual determination of the drug quantity for which Rogers is accountable. United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir. 2005). "For a factual finding to be 'clearly erroneous,' we, 'after reviewing all of the evidence, must be left with a definite and firm

2

conviction that a mistake has been committed.'" United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004) (citation omitted).

Because Rogers argues for the first time that the district court violated § 1B1.8, we review that issue only for plain error. "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." Rodriguez, 398 F.3d at 1298 (quotation and citation omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Rogers's argument that he is responsible for less than 1,000 kilograms of marijuana is without merit in light of the fact that he admitted during his plea hearing and in his written and signed plea agreement that he was responsible for more than 1,000 kilograms of marijuana. In his brief on appeal, he again acknowledges that he pled guilty to involvement with over 1,000 kilograms of marijuana. Thus, the district court did not err by holding Rogers accountable for an amount of marijuana that was consistent with, and, in this case, less than, the amount to which he admitted. See United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989) (stating that "[t]he findings of fact of the sentencing court may be

3

based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing").

Even though Rogers admitted to being responsible for at least 1,000 kilograms of marijuana, the district court held him accountable for a lesser amount of marijuana. Specifically, the court found that Rogers was accountable for a total of 1,067.7 kilograms of marijuana, which consisted of 911 kilograms of marijuana and 156.7 kilograms of marijuana-equivalent cocaine. Although the charge to which Rogers pled guilty did not specify cocaine involvement, the record, nonetheless, supports the court's finding with respect to the amount of cocaine.

Co-conspirator John Mikhael testified that he sold Rogers 125 grams of cocaine on 4 occasions for a total of 500 grams, and 1 ounce on 10 occasions for a total of 283.5 grams. Although Rogers testified that John Mikhael provided him only two ounces of cocaine, the district court's determination to credit John Mikhael's testimony was within its exclusive province. See United States v. Smith, 480 F.3d 1277, 1280-81 n.2 (11th Cir.), cert. denied, 128 S.Ct. 175 (2007) (applying the principle that credibility determinations are the exclusive province of the fact finder). The bottle of inositol and the jeweler's baggies that were found in Rogers's residence during a search corroborated the court's findings.

4

Significantly, the court limited its finding to those amounts of cocaine that were directly attributable to Rogers. See U.S.S.G. § 1B1.3, comment. (n.2) (specifying that in a case involving drugs, the conspirator's relevant conduct includes amounts directly attributable to the conspirator and "all reasonably foreseeable quantities of [drugs] that were within the scope of the criminal activity that [the conspirator] jointly undertook"). Thus, the court did not clearly err in finding that Rogers's "relevant conduct" for purposes of calculating his base offense level included 156.7 kilograms of marijuana based on 783.5 grams of cocaine. See U.S.S.G. § 1B1.3 & comment. (n.2); Rodriguez, 398 F.3d at 1296.

Finally, Rogers's argument concerning § 1B1.8(a) is without merit for at least two reasons. First, the government was entitled to revoke the plea agreement based upon Rogers's untruthful testimony about the cocaine. Because cause existed for revocation of the agreement, the government was not required to withhold Rogers's statements concerning the conspiracy's involvement with cocaine. See U.S.S.G. § 1B1.8(a). Second, although Rogers provided information about the conspiracy's cocaine involvement, the record reflects that Rogers's "information" confirmed information that was already known by the authorities. Thus, information that the conspirators were involved with cocaine was obtained from independent sources. See United States v. Pham, 463 F.3d 1239, 1244 (11th

5

Cir. 2006) (concluding that, "so long as the information is obtained from independent sources or separately gleaned from codefendants, it may be used at sentencing without violating § 1B1.8"). Accordingly, the district court did not err, much less plainly err, by failing to <u>sua sponte</u> find a violation of § 1B1.8(a).

## II.

When the defendant objects to his criminal history points in the district court, we review the court's factual findings for clear error and its application of the Sentencing Guidelines to those facts <u>de novo</u>. <u>United States v. Phillips</u>, 413 F.3d 1288, 1292 (11th Cir. 2005).

The Sentencing Guidelines instruct that two points are added to the defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, [or] supervised release . . . ." U.S.S.G. § 4A1.1(d). The Commentary reiterates that "[t]wo points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence, including probation, parole, [or] supervised release . . . ." <u>Id.</u>, comment. (n.4).

The district court did not clearly err by finding that Rogers committed the instant offense while he was on probation.[1] The court's finding was consistent

---

[1] Rogers's six-month probationary sentence for his 2005 possession of marijuana state conviction was imposed on January 1, 2005, and expired on July 3, 2005.

6

with Rogers's guilty plea and his admission to the factual basis contained in the written plea agreement,[2] which Rogers also signed. Nonetheless, aside from Rogers's own admissions, other evidence also supports Rogers's involvement during that time. Specifically, the court credited John Mikhael's testimony that he began providing Rogers with marijuana sometime in 2004. Accordingly, because Rogers committed the instant offense while he was on probation, the court properly added two points to Rogers's criminal history score.[3] See U.S.S.G. § 4A1.1(d).

## III.

## A. Safety-Valve

We review for clear error a district court's factual determinations to grant safety-valve relief. United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997).

The Guidelines' "safety-valve" provision permits the district court to impose a sentence below a statutory minimum sentence if it finds that the defendant meets the five requirements set forth in U.S.S.G. § 5C1.2(a)(1)-(5). See also 18 U.S.C. § 3553(f)(1)-(5) (same). The eligibility requirement relevant to the instant case is that "the defendant does not have more than [one] criminal history point . . . ."

---

[2] The plea agreement's factual basis specified that Rogers participated in the conspiracy during the time frame alleged in the indictment. The indictment specified that the "time frame" was between January 2004 and April 5, 2007.

[3] We note that, in his brief, Rogers acknowledges that he was "involved" in the conspiracy during the time he was on probation.

U.S.S.G. § 5C1.2(a)(1); see also 18 U.S.C. § 3553(f)(1) (same).

The district court did not clearly err because Rogers is ineligible for safety-valve relief in light of the fact that he has three criminal history points.  See U.S.S.G. § 5C1.2(a)(1); 18 U.S.C. § 3553(f)(1).

## B. Obstruction of Justice

When a sentencing enhancement for obstruction of justice is imposed, we review the district court's factual findings for clear error and its application of the Guidelines to those facts de novo.  United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006).

Section 3C1.1 of the Sentencing Guidelines provides for a two-level sentence enhancement:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense . . . .

U.S.S.G. § 3C1.1.

Application Note 4 in the Commentary provides a "non-exhaustive list of examples of the types of conduct to which this adjustment applies."  Id., comment. (n.4).  Some  examples to which the enhancement applies  include, "committing, suborning, or attempting to suborn perjury" and "providing materially false

8

information to a judge or magistrate." Id., comment. (n.4(b), (f)). "Perjury, for purposes of applying [§ 3C1.1], has been defined by the United States Supreme Court as 'false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" United States v. Singh, 291 F.3d 756, 763 (11th Cir. 2002) (quoting United States v. Dunnigan, 507 U.S. 87, 94, 113 S.Ct. 1111, 1116, 122 L.Ed.2d 445 (1993)). "Material" evidence "means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment. (n.6).

The district court did not clearly err in applying the obstruction of justice enhancement. John Mikhael testified that he sold Rogers cocaine "on some 14 occasions." Rogers initially denied any involvement with cocaine and then, at his sentencing hearing, admitted to only two occasions in which John Mikhael "fronted him" cocaine. Crediting John Mikhael's testimony, as was within its province to do so, the court found that Rogers had falsely denied his involvement with the cocaine-part of the conspiracy. Thus, because the issue of drug quantity was material to Rogers's Guidelines offense level calculation, and because Rogers provided false testimony concerning the matter, the district court did not clearly err by applying a two-level enhancement for obstruction of justice. See U.S.S.G.

§ 3C1.1 & comment. (n.4(b), (f); n.6); <u>Singh</u>, 291 F.3d at 763.

### C. Acceptance of Responsibility

We review the district court's determination of acceptance of responsibility for clear error. <u>United States v. Amedeo</u>, 370 F.3d 1305, 1320 (11th Cir. 2004). A defendant is entitled to a two-level reduction in his offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). A defendant acts in a manner inconsistent with acceptance of responsibility when he "falsely denies, or frivolously contests, relevant conduct that the court determines to be true." <u>Id.</u>, comment. (n.1(a)). Although there may be extraordinary cases in which adjustments under both §§ 3C1.1 (obstruction of justice) and 3E1.1 may apply, "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." <u>Id.</u>, comment. (n.4). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." <u>Id.</u>, comment. (n.5).

The district court did not clearly err in its denial of a reduction for acceptance of responsibility because Rogers has not demonstrated that he is entitled to the reduction. As mentioned above, Rogers obstructed justice when he

10

testified falsely at his sentencing hearing about his involvement with cocaine. Thus, Rogers acted in a manner inconsistent with acceptance of responsibility, and no extraordinary circumstances exist that would justify applying adjustments under both §§ 3C1.1 and 3E1.1. See U.S.S.G. 3E1.1, comment. (n.1(a); n.4).

IV.

"'In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors.'" United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006) (citation omitted). The Supreme Court recently clarified the reasonableness standard as a review for abuse of discretion. Gall v. United States, 552 U.S. —, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). The district court must impose a sentence that is both procedurally and substantively reasonable. Id. 128 S.Ct. at 597. When reviewing the sentence for procedural reasonableness, we must

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

Id.

A sentence may be substantively unreasonable because, inter alia, (1) it does

11

"not achieve the purposes of sentencing stated in § 3553(a)"; or (2) "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (citations omitted).

"Generally, when sentencing within the advisory Guidelines range, the district court is not required to give a lengthy explanation for its sentence if the case is typical of those contemplated by the Sentencing Commission." United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008). However, the sentencing judge should "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. —, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). Although we do not apply a presumption of reasonableness, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the reasonableness of a sentence "bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id.

The § 3553(a) factors include: (1) the nature and circumstances of the

12

offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to afford adequate deterrence, to promote respect for the law, to provide just punishment for the offense, to protect the public, and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the advisory guidelines range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1)-(7).

Rogers has not demonstrated that his sentence is unreasonable. The district court correctly calculated Rogers's Guidelines range and was not required to give a lengthy explanation for its decision to impose a Guidelines sentence. See Livesay, 525 F.3d at 1090. Nonetheless, the record reflects that the court considered the § 3553(a) factors in determining an appropriate sentence.

Rogers's 236-month sentence is at the mid-point of the Guidelines range and well below the statutory maximum of life imprisonment. See 21 U.S.C. § 841(b)(1)(A); Talley, 431 F.3d at 788; United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum). The court considered the parties' arguments, as well as Rogers's personal statement, and the court had a

13

reasoned basis for exercising its own legal decisionmaking authority.  See <u>Rita</u>,

127 S.Ct. at 2468.  Accordingly, Rogers has not shown that the court abused its

discretion by imposing an unreasonable sentence.[4]  See <u>Gall</u>, 128 S.Ct. at 594;

<u>Pugh</u>, 515 F.3d at 1191.

V.

In light of the foregoing, Rogers's sentence is

**AFFIRMED**.

---

[4] We lack jurisdiction to review Rogers's claim concerning the district court's decision to deny a downward departure because the record reflects that the court understood that it had authority to impose the departure but chose not to.  See <u>United States v. Dudley</u>, 463 F.3d 1221, 1228 (11th Cir. 2006) (determining that we lacked jurisdiction to review a request for a departure when nothing in the record indicated that the district court believed that it did not have authority to depart downward, and, in fact, the record indicated that the court understood it could depart, but chose not to).