[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12062
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 1, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:09-cr-00061-HL-CWH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 1, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Raymond Smith appeals the 120-month sentence he received after pleading

guilty to two counts of distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii).  On appeal, Smith argues that, because he was not aware that he was on probation at the time he committed the offenses, he should not have been assigned two criminal-history points under U.S. Sentencing Guidelines Manual § 4A1.1(d).

We review de novo the district court's interpretation of the Guidelines. United States v. Zaldivar, 615 F.3d 1346, 1350 (11th Cir. 2010).  We review the district court's factual findings for clear error, United States v. Wright, 607 F.3d 708, 711 (11th Cir. 2010), and we apply de novo review to the district court's application of the Guidelines to the facts, Zaldivar, 615 F.3d at 1350.

Section 4A1.1(d) instructs the district court to add two points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  Furthermore, "active supervision is not required for this item to apply."  U.S. Sentencing Guidelines Manual § 4A1.1 cmt. n.4 (2008).  The Sentencing Guidelines nowhere mention knowledge of one's status as a condition for the enhancement.

In a case dealing with parole status under § 4A1.1(d), this Court rejected the defendant's argument that, because he incorrectly believed that his parole period

was terminated as of his deportation date, he should not have received two criminal-history points. United States v. Phillips, 413 F.3d 1288, 1292 (11th Cir. 2005). In that case, we noted that active supervision is not a requirement under § 4A1.1(d), and concluded that "nothing in the text [of § 4A1.1(d)] indicates that a defendant's subjective understanding of the parole term is relevant." Id. Our reasoning in Phillips applies with equal force to cases involving probation, because § 4A1.1(d) requires two points to be added to the defendant's criminal history score for either probation or parole.

According to Smith, "neither the Court nor his attorney informed the Appellant that he was placed on probation." Moreover, Smith observes that he was never required to return to court or to report to a probation office. Still, Smith concedes that his attorney's intercession in placing him on probation enabled him to reinstate his commercial driver's license. Smith also argues that, although § 4A1.1 covers terms of unsupervised probation, the Section's definition of a criminal justice sentence does not apply to sentences that merely impose a fine, such as Smith's sentence before it was modified to include probation. None of these arguments changes the fact that Smith was on probation at the time he committed his offense. It was proper for the district court to add points to Smith's criminal history score under § 4A1.1(d) despite Smith's mistaken belief regarding

3

his status.

Smith's contention that the district court miscalculated his criminal history score is without merit. Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**