08-5766-ag
Jian Jun He v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of June, two thousand twelve.

PRESENT:  PIERRE N. LEVAL,
          REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges*.

-----------------------------------------------------------------------

JIAN JUN HE,
                    *Petitioner*,

             v.                                No. 08-5766-ag

ERIC H. HOLDER, JR., United States Attorney General,
                    *Respondent*.

-----------------------------------------------------------------------

APPEARING FOR PETITIONER:    KHAGENDRA GHARTI-CHHETRY, Esq., New York, New York.

APPEARING FOR RESPONDENT:    SUNAH LEE, Trial Attorney (Jessica E. Sherman, Trial Attorney, Tony West, Assistant Attorney General, Keith I. McManus, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jian Jun He ("Jun He"), a native and citizen of the People's Republic of China, seeks review of an October 31, 2008 order of the BIA affirming the February 21, 2007 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Jian Jun He, No. A078 864 269 (B.I.A. Oct. 31, 2008), aff'g No. A078 864 269 (Immig. Ct. N.Y.C. Feb. 21, 2007).

1. Procedural History and Standard of Review

In 2006, this court granted Jun He's first petition for review of the agency's denial of his application for relief from removal, identifying errors in the agency's adverse credibility determination. See Jian Jun He v. Gonzales, 179 F. App'x 803, 804–05 (2d Cir. 2006) (summary order). On remand, the IJ again denied Jun He's application on credibility grounds, and, on appeal, the BIA upheld this determination, supplementing the IJ's decision with additional analysis. In such circumstances, we review the IJ's adverse credibility determination as supplemented by the BIA's analysis under the substantial evidence standard. See Xian Tuan Ye v. Dep't of Homeland Sec., 446 F.3d 289, 293–94 (2d Cir. 2006). Where, as here, an asylum application was filed before passage of the REAL ID Act, evidentiary inconsistencies can provide substantial evidence for an adverse credibility

2

determination if they "bear a legitimate nexus" to the applicant's claim of persecution and are "substantial" when measured against the record as a whole. Secaida-Rosales v. INS, 331 F.3d 297, 307–08 (2d Cir. 2003), superseded by statute, as recognized in Xiu Xia Lin v. Mukasey, 534 F.3d 162, 163–64 (2d Cir. 2008). A "credibility determination will not satisfy the substantial evidence standard," however, "when it is based entirely on flawed reasoning, bald speculation, or conjecture." Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 335 (2d Cir. 2006).

In applying these principles here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to deny the petition for review.

2. The Adverse Credibility Determination

a. Impermissible Fact-Finding

Jun He argues that the BIA engaged in impermissible fact-finding in affirming the IJ's adverse credibility determination based on different reasons from those cited by the IJ. We disagree.

First, the BIA, like the IJ, concluded that Jun He's credibility was undermined by his failure to explain inconsistencies between his 2003 testimony that his father was still in detention for practicing Falun Gong and that his brother had also been arrested for practicing Falun Gong, and his mother's omission of that information from her letter detailing the Chinese authorities' persecution of Jun He's family for Falun Gong-related activities.

3

Although Jun He urges otherwise, explaining that his mother's letter merely omitted certain details that he provided in testimony, we have recognized that "[a]n inconsistency and an omission are . . . functionally equivalent." Xiu Xia Lin v. Mukasey, 534 F.3d at 166 n.3. Indeed, in our 2006 decision remanding this case for further agency review, we specifically held that "the BIA was permitted to draw negative inferences from . . . the presence of certain inconsistencies between [Jun] He's testimony and his mother's letter." Jian Jun He v. Gonzales, 179 F. App'x at 805. Thus, the BIA did not engage in impermissible fact-finding to the extent it merely adopted the IJ's finding that Jun He's testimony was inconsistent with his mother's letter.[1]

Second, although the BIA is prohibited from making de novo factual findings in reviewing an IJ's credibility determination, see 8 C.F.R. § 1003.1(d)(3)(i), the BIA is permitted both to base its credibility determination "on facts already in the record," including evidentiary inconsistencies that are self-evident, and to emphasize omissions cited in earlier decisions, Xian Tuan Ye v. Dep't of Homeland Security, 446 F.3d at 296. The BIA observed in its 2008 decision, as it had previously in its 2004 decision, that Jun He had omitted certain information in testifying about his father's arrest in 2003. Though the IJ did not cite these omissions as the basis for its own adverse credibility determination, the BIA did not engage

---

[1] Although Jun He unsuccessfully sought from the IJ additional time to secure a second letter from his mother explaining the inconsistencies, the BIA's decision observes that, even on appeal, Jun He did not submit the letter to the BIA or otherwise indicate what additional information his mother would have provided. In his brief to this court, Jun He similarly fails to indicate whether he in fact obtained a second letter from his mother.

in impermissible fact-finding in drawing a negative credibility inference from Jun He's self-evident failure to explain testimonial gaps cited in the BIA's earlier decision.[2]

We do, however, agree with petitioner that the BIA engaged in impermissible fact-finding in drawing a negative inference from Jun He's failure to submit a copy of the summons for his arrest in China. Jun He testified in 2003 that the Chinese police had not given his mother a copy of the summons because Jun He had not been home to sign it. Because the IJ did not specifically refuse to credit this explanation, and because the BIA did not explain why the summons was reasonably available to Jun He despite this explanation, the BIA erred in finding that the absence of the summons undermined Jun He's credibility. See Kone v. Holder, 596 F.3d 141, 151 n.9 (2d Cir. 2010) (observing that, on clear error review, BIA could not itself discredit petitioner's explanation for perceived inconsistency where nothing in record indicated that IJ refused to credit explanation); Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 405 (2d Cir. 2005) (noting agency obligation to ensure availability of documentation before drawing adverse inference from applicant's failure to produce it).

---

[2] We note that the administrative record includes an affidavit Jun He submitted to the IJ, in which Jun He provided information filling the testimonial gaps cited in the BIA's decision. In his brief to this court, Jun He does not refer to this affidavit or argue that the BIA overlooked it in faulting him for failing to explain the cited testimonial omissions. Instead, he complains only that the BIA engaged in impermissible—not unsupported—fact-finding. To the extent Jun He contended for the first time at oral argument that the agency erred in overlooking the affidavit, see Xiao Kui Lin v. Mukasey, 553 F.3d 217, 221 (2d Cir. 2009) (holding that agency erred in basing factual finding on purported inconsistency where agency overlooked a plausible explanation apparent from record), Jun He "waived this argument by failing to include it in his briefing to this [c]ourt, and we therefore decline to consider it," United States v. Ramos, 677 F.3d 124, 129 n.4 (2d Cir. 2012).

Nevertheless, we conclude that this error does not require remand because it does not infect other grounds relied on by the agency, which are alone sufficient to support an adverse credibility determination, and because we can confidently predict that the agency would reach the same decision even without the identified error. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d at 339.

b.       Nexus to Claim for Relief

Jun He argues that, in any event, the cited inconsistencies do not bear the required nexus to his claim for relief. We disagree.

Jun He's claim for relief rested, in large part, on his professed fear that, if returned to China, he would be forced to endure the same mistreatment suffered by his father and brother for their practice of Falun Gong. Accordingly, the details of Jun He's father's continued detention and Jun He's brother's imprisonment were material, and bore a "legitimate nexus" to Jun He's claim for relief. See Secaida-Rosales v. INS, 331 F.3d at 307–08. Thus, the omission of those details from Jun He's mother's letter, and Jun He's failure to provide an explanation for the inconsistency between his mother's letter and his testimony provided a legitimate basis for the agency's adverse credibility determination that went to the heart of his claim. Xiu Xia Lin v. Mukasey, 534 F.3d at 166 n.3. Accordingly, the agency's adverse credibility determination was supported by substantial evidence in the record, including, e.g., the material omissions from Jun He's mother's letter and Jun He's failure to explain the inconsistencies between his testimony and his mother's letter.

6

c.     Lack of Corroboration

Jun He contends that he was not required to present additional evidence corroborating his claimed practice of Falun Gong because he gave credible testimony on this point. In light of our conclusion that substantial evidence supported the agency's adverse credibility finding, this argument fails for reasons stated in our earlier decision. See Jian Jun He v. Gonzales, 179 F. App'x at 805 (holding that "BIA was permitted to draw negative inferences from . . . absence of any witnesses or affidavits to corroborate He's assertion that he continues to practice Falun Gong"); see also Diallo v. INS, 232 F.3d 279, 286 (2d Cir. 2000). Insofar as Jun He provided a short affidavit from his roommate attesting to Jun He's practice of Falun Gong, the agency acted within its discretion in according this evidence little weight because the affiant was not subject to cross-examination, see Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d at 341, and because Jun He failed to rehabilitate other testimony that had already been called into question, see Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir. 2007). In sum, the agency did not err in concluding that Jun He failed to carry his burden to establish a well founded fear of future persecution based on his current practice of Falun Gong. See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir. 2008) (observing that, under substantial evidence standard, review court will uphold agency's factual findings "'unless any reasonable adjudicator would be compelled to conclude to the contrary'" (quoting 8 U.S.C. § 1252(b)(4)(B))).

7

3.    Conclusion

The agency's adverse credibility determination is dispositive of Jun He's claims for asylum, withholding of removal, and relief under the CAT, as all three claims are based on the same factual predicate.  See Paul v. Gonzales, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court