12-2388-cr
*United States v. Darling*

UNITED STATES COURT OF APPEALS<br>FOR THE SECOND CIRCUIT

<h1 align="center">SUMMARY ORDER</h1>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

------------------------------------------------x

UNITED STATES OF AMERICA,

> *Appellee*,

> -v.- No. 12-2388-cr

KEITH DARLING,

> *Defendant-Appellant,*

DAMIAN YOUNG,

> *Defendant.*

------------------------------------------------x

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Ryan Thomas Truskoski, Ryan Thomas Truskoski, P.A., Harwinton, CT. |
| **FOR APPELLEE:** | Jessica Masella, Brent S. Wible, Assistant United States Attorneys, *for* Preet Bharara, |

1

United States Attorney, United States Attorney's Office for the Southern District of New York, New York, NY.

Appeal from the June 7, 2012 judgment of conviction of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 7, 2012 judgment of the District Court be **AFFIRMED**.

On July 23, 2011, Defendant Keith Darling pleaded guilty to (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951;[1] (2) attempt to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; (3) possession of a firearm in relation to robbery conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A); and (4) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Prior to his guilty plea, the District Court denied Darling's motion to suppress physical evidence and statements taken during and after his arrest. Darling did not preserve his right to appeal this decision. Nonetheless, Darling now argues that (1) we should consider an appeal on the merits of the denial of his motion to suppress because his trial counsel was constitutionally ineffective; and (2) we should reverse the District Court's denial of his suppression motion on the merits. We assume familiarity with the underlying facts and procedural history of this case.

## BACKGROUND

This case arises out of the New York City Police Department's successful efforts to thwart a violent drug robbery before it occurred. At some point before April 30, 2010, the day the robbery was to transpire, a particularly reliable and well-informed source warned the police of a plot to rob a drug dealer in the Bronx. Not only did the informant explain precisely how the robbery would transpire and identify accurately the perpetrators, but on the day of the robbery, he discussed the plan with one of the suspects on speaker phone while the police listened. Relying on specific information learned from the informant, the police approached two suspects as soon as the latter parked their vehicle near the scene of the planned crime. The police then frisked one of the suspects and discovered a firearm. The other suspect, who turned out to be Darling, attempted to flee, but was subdued. Thereafter, the police found another firearm in the suspects' vehicle. The police issued *Miranda* warnings, after which the suspects both confessed to planning to rob a marijuana dealer in the Bronx. Subsequently, Darling and his co-defendant moved to suppress all

---

[1] Hobbs Act robbery "means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1).

evidence found at the scene as well as their confessions. That motion was denied. Presumably on account of the strength of the evidence against him, Darling then entered an unconditional plea of guilty.

**DISCUSSION**

"[I]n order to reserve an issue for appeal after a guilty plea, a defendant must obtain the approval of the court and the consent of the government, and he must reserve the right to appeal in writing." *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996) (relying on Fed. R. Crim. P. 11(a)(2));[2] *cf. United States v. Muhammad*, 463 F.3d 116, 120-21 (2d Cir. 2006) (noting that the defendant specifically reserved his right, pursuant to Fed. R. Crim. P. 11(a)(2), to appeal the denial of his suppression motion). Darling contends that we should ignore his unconditional plea and proceed to review the denial of his suppression motion on the merits because his trial counsel provided ineffective assistance by failing to seek a conditional plea.[3]

We have explained that "[w]hen faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Ramos*, 677 F.3d 124, 129 (2d Cir. 2012) (quotation marks omitted). Although the Supreme Court has indicated that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance," *Massaro v. United States*, 538 U.S. 500, 504 (2003), "[w]hen the resolution of the claims is beyond any doubt or to do so would be in the interest of justice, we may choose to entertain these claims on direct appeal," *United States v. Hasan*, 586 F.3d 161, 170 (2d Cir. 2009) (internal quotation marks omitted).

In this case, it is beyond any doubt that Darling's attorney did not provide ineffective assistance. In order to prevail on an ineffective assistance of counsel claim, Darling must demonstrate both that his counsel's performance was unreasonably deficient under prevailing professional standards and that, but for his counsel's unprofessional errors, there exists a reasonable probability that the result below would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

---

[2] Federal Rule of Criminal Procedure 11(a)(2) provides: "With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion."

[3] As Darling makes clear, he "is not requesting this Court to set aside his plea of guilty (because his sentence was below the guidelines range)." Appellant's Br. 13. In other words, Darling would like us to convert his unconditional plea to a conditional plea, so that he may enjoy the advantages of his unconditional plea while retaining the benefits he agreed to sacrifice.

3

Substantially for the reasons clearly and ably stated by the experienced District Judge, *see* Darling App'x 56-59, Darling's claim that the police did not have reasonable suspicion to stop his vehicle and pat him down, or probable cause to arrest him and search his vehicle, is so patently meritless that we are skeptical that his trial counsel was in any way deficient in not pursuing a conditional plea, and we are fully satisfied that Darling was not prejudiced by his counsel's decision. In other words, "failure to make a meritless argument does not amount to ineffective assistance." *United States v. Regalado*, 518 F.3d 143, 149 n.3 (2d Cir. 2008) (quotation marks and alteration omitted). Accordingly, we see no reason to rescue Darling from his unconditional plea, which, as he well points out, resulted in a below-Guidelines range sentence. *See* note 3, *ante*.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the June 7, 2012 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court