12-3939-cr
United States v. Willard Lanham a/k/a Ross Lanham

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand and thirteen.

Present:
> PIERRE N. LEVAL,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                  No. 12-3939-cr

WILLARD LANHAM A/K/A ROSS LANHAM,

> *Defendant–Appellant*.

---

FOR APPELLANT:         Steven N. Preziosi, Law Office of Stephen N. Preziosi PC, New York, NY.

FOR APPELLEE:          Brian A. Jacobs, Assistant United States Attorney (Brent S. Wible, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

---

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant–Appellant Willard Lanham appeals from a judgment of conviction. A jury convicted Lanham of one count of converting federal program money to his own use, in violation of 18 U.S.C. § 666(a)(1)(A), and three counts of mail fraud, in violation of 18 U.S.C. § 1341. On appeal, Lanham challenges the sufficiency of the Government's proof as to the element of conversion in the section 666 violation, argues that the district court erred in allowing evidence before the jury that included certain statements he made on cross-examination, and claims that he was denied effective assistance of counsel. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

Lanham challenges the sufficiency of the Government's proof that he converted Government funds to his own use. "[A] defendant who challenges the sufficiency of the evidence after a conviction bears a heavy burden, and we view the evidence in the light most favorable to the prosecution. Under this exceedingly deferential standard, we will affirm the conviction if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Rosen*, 716 F.3d 691, 702 (2d Cir. 2013) (internal citation and quotation marks omitted).

Section 666 prohibits any agent of an organization receiving more than $10,000 in federal funds from "embezzl[ing], steal[ing], obtain[ing] by fraud, or otherwise without authority knowingly convert[ing] to the use of any person" more than $5,000 of that organization's funds. The district court charged the jury, without objection, that "[t]o convert money means to take someone else's money without the owner's consent with the intent to deprive the owner of the

2

value of that money." Lanham argues that the Government's evidence was insufficient to prove that he had converted Government funds. We disagree.

The Government's proof—through direct testimony and documents—showed that Lanham perpetrated an elaborate scheme between 2004 and 2008 in which he arranged for the substantial and unapproved overbilling of the United States Department of Education for the services of employees or consultants he oversaw through his business, Lanham Enterprises. The evidence demonstrated that Lanham, as a contractor for the Department of Education, would inflate the hourly rate for these employees, marking up the rate from either $35 or $70 per hour to a rate of $175 or $225 per hour. Lanham caused those inflated bills to be passed along through Verizon to the Department of Education. Lanham assured Verizon that the bills were appropriate and simultaneously confirmed with the Department of Education that the Department would not be billed for the services. In addition to billing invoices and testimony from former employees of Lanham, the Government also presented testimony from an attorney with the Special Commissioner of Investigation for the New York City Schools, who recounted the structure of the fraudulent scheme and the resulting overbilling of roughly $1,700,000. Based on this evidence, a reasonable trier of fact could conclude that Lanham took funds from the Government over and above what he was entitled to bill, and he did so without the Government's consent and with the intent to deprive the Government of that money. Although, as he argues, Lanham may have provided a service (whether review of phone bills or installing cable), he nonetheless obtained funds exceeding what he was entitled to bill through illegitimate means by funneling exaggerated figures to the Department of Education through other business entities, by misrepresenting the scope of the work conducted by consultants by falsely representing to the Department that it was not being charged for the employees' work, and by syphoning money

3

from the overcharge back to himself. Thus, we affirm Lanham's conviction under 18 U.S.C. § 666(a)(1)(A).

Lanham also asserts on appeal that it was error for the district court to have allowed the Government to elicit certain testimony from him on cross-examination. Specifically, he now argues that the district court should have precluded the Government from inquiring about his past business relationships and his hiding assets in his son's bank account to avoid tax liens and outstanding judgments. To the extent that Lanham objected to these lines of inquiry, he objected to the evidence of his business relationships as irrelevant and as prior bad acts, proof of which violated Fed. R. Evid. 404(b)(1). He objected to the evidence of his hiding assets on relevance and undue prejudice. The district court's evidentiary rulings were sound, however, and do not constitute a basis for disturbing the judgment of conviction.

"In general, we will not overturn the district court's decision to admit or reject evidence absent an abuse of discretion." *United States v. Ramirez*, 609 F.3d 495, 499 (2d Cir. 2010); *see also United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012) (reviewing "the district court's determination of admissibility . . . for abuse of discretion"). Based on the record, we find that the district court did not exceed the bounds of its discretion in allowing the Government on cross-examination to inquire into Lanham's past business relationships and efforts to hide assets.

As to the evidence of the business relationships, it was properly admitted for the purposes of demonstrating how the defendant perpetrated his organized scheme to syphon money away from the Government. *See, e.g.*, *United States v. Carboni*, 204 F.3d 39, 43 (2d Cir. 2000) (holding the district court was correct in concluding "that the evidence was admissible . . . because the evidence tended to show [the defendant] acted purposefully rather than out of ignorance or mistake when he committed the charged conduct"). Evidence of the business relationships helped to demonstrate how Lanham maintained the trust of those

4

associates, and as the district court acknowledged, it was "relevant with regard to the nature of the relationship . . . between the defendant and the companies." We note, too, that the district court provided the defense an opportunity to request a limiting instruction if the testimony elicited evidence of prior bad acts. As there was no such evidence, the defense had no need to make such a request.

As to the evidence that Lanham placed assets in his son's bank account to frustrate tax liens and outstanding judgments, this inquiry was appropriate under Fed. R. Evid. 608(b). *See Chnapkova v. Koh,* 985 F.2d 79, 82 (2d Cir. 1993) ("The total failure to file tax returns for a period of eight years should be similarly admissible on the issue of . . . truthfulness, subject to the discretionary considerations in Rules 403 and 608(b)."), *abrogated on other grounds*, *Jaffee v. Redmond*, 518 U.S. 1 (1996). The evidence was properly admitted on the issue of Lanham's truthfulness and accordingly was relevant.

The inquiry into Lanham's business dealings and his placement of assets in his son's bank account was probative on issues in the trial of the present charges. The district court balanced the evidence against any risk of prejudice, concluding that the evidence was admissible. Given the broad discretion afforded to the district court to weigh the probative value of evidence against any potential prejudice, the court's decision to admit the evidence in question was neither arbitrary nor irrational. *See United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007).

Finally, Lanham argues he was denied effective assistance of counsel at trial. In reviewing an ineffective assistance claim raised on direct appeal "we may (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Ramos,* 677 F.3d 124, 129 (2d Cir. 2012) (internal citation and quotation marks omitted). "The last

5

option is appropriate when the factual record is fully developed and resolution of the Sixth Amendment claim on direct appeal is beyond any doubt or in the interest of justice." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (internal citation and quotation marks omitted). The full record before us and the district court's prior adjudication of these issues on the Rule 29 and Rule 33 motions permit us to address Lanham's argument on appeal. Lanham asserts he was denied effective assistance when his trial counsel failed to put into evidence two documents (an email from Sheila Gutis, and Lanham's handwritten notes) and failed to object to the admission of evidence (specifically the cross-examination of Lanham that elicited testimony that he hid assets in his son's bank account to evade tax liens). The grounds asserted for Lanham's ineffective assistance claim demonstrate neither that his trial counsel's performance was deficient nor a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding below would have been different." *Puglisi v. United States*, 586 F.3d 209, 215 (2d Cir. 2009) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). As for the documents not offered into evidence, Lanham has not shown how they would have helped his case, and, at least in the case of Lanham's notes, they constitute inadmissible hearsay. As for Lanham's testimony on cross-examination, the record is clear that the trial counsel did object to its admission and, as discussed above, the testimony was properly admitted. The bases of Lanham's claim of ineffective assistance, therefore, are without merit, as are any remaining arguments he may have sought to raise on appeal.

For the reasons stated, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6